IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Alyssa C., | NO. C 07-1112 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A FICTITIOUS NAME** |
| v. | |
| Palo Alto Housing Corp., et al., | |
| Defendants. | |

Plaintiff suffers from a disability which manifests as "severe fatigue, social and situational anxiety, compulsive behavior and depression." (Declaration of Kyra Kazantis in Support of Plaintiff's Motion for Administrative Relief to Proceed Under Fictitious Name and Filed Under Seal ¶ 3.) Plaintiff brings this administrative motion for leave to proceed under a fictitious name from fear that public disclosure of her disability will result in social stigmatization, embarrassment, and discrimination. Id.

Generally, a plaintiff's desire to proceed under a fictitious name runs afoul of the public's common law right of access to judicial proceedings. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978); EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990). Nevertheless, the Ninth Circuit has recognized that a party may proceed anonymously in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from

harassment, injury, ridicule or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981). Situations where courts have found sufficient privacy concerns to warrant proceeding under a fictitious name have included such matters as birth control, illegitimacy, abortion, transsexuality, homosexuality, mental illness, and rape. See generally 2 Moore's Federal Practice, § 10.02(2)(c)(ii) (3d ed. 2006).

In Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000), plaintiffs were foreign garment workers who brought suit under the Fair Labor Standards Act. They used fictitious names because they were afraid of being terminated from their jobs, deported, and arrested and imprisoned by the People's Republic of China. The Ninth Circuit held that the garment workers could proceed anonymously because they had "an objectively reasonable fear of extraordinarily severe retaliation." Id. at 1062. The Ninth Circuit articulated the rule as follows:

> "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. . . . [W]here . . . pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities."

Id. at 1068-69 (citations omitted).

In this case, Plaintiff has not stated sufficient facts for the Court to determine whether Plaintiff's case constitutes the kind of "special circumstances" necessary to outweigh the public's interest in knowing Alyssa C.'s identity. With respect to Plaintiff's privacy, it is unclear whether Plaintiff suffers from the kind of stigmatizing mental illness sufficient to permit her to proceed anonymously. Plaintiff disability is described only as manifesting in "severe fatigue, social and situational anxiety, compulsive behavior and depression." E.g., Raiser v. Brigham Young Univ., 127 Fed. Appx. 409 (10th Cir. 2005). She alleges only a fear of "stigmatization and embarrassment" without providing specific facts to demonstrate that hers in an "unusual case." United States v. Doe, 655 F.2d at 922 n.1. With respect to her claim of retaliation, Plaintiff has not articulated facts

2

sufficient for the Court to make findings about the severity of the threatened harm; the reasonableness of her fear; or her vulnerability to retaliation. See Advanced Textile Corp., 214 F.3d at 1068-69. Without such facts, the Court cannot determine whether Plaintiff has "an objectively reasonable fear of extraordinarily severe retaliation." Id. at 1062.

Accordingly, the Court DENIES Plaintiff's motion to proceed under a fictitious name without prejudice to be renewed once additional information is available.

Dated: March 20, 2007

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James F. Zahradka, II, jamesz@lawfoundation.org
Kyra Ann Kazantzis, kyrak@lawfoundation.org
Michael Allen, mallen@relmanlaw.com
Louis A. Leone, lleone@stubbsleone.com

**Dated: March 20, 2007**                               **Richard W. Wieking, Clerk**

                                                  **By:  /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California